UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SANDRA BRADY,

                              Plaintiff,

          v.                                    1:04-cv-1126 (LEK/DRH)

DEBORAH DAMMER; DEBORAH DOMINSKI;
MATTHEW GUINANE; ANN FIORELLO;
WILLIAM MYERS; MARILYN KALTENBORN;
MICHAEL PARADA; CARLA ADSIT-VASSARI;
ROBIN GRAY; THOMAS HEINZ; and ANDREW
ERISTOFF,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**APPEARANCES:**                                **OF COUNSEL:**

Office of Keith F. Schockmel                     Keith F. Schockmel, Esq.
4 Atrium Drive
Suite 290, Executive Woods
Albany, NY 12205
*Attorney for Plaintiff*

Office of the New York State Attorney General    Krista Rock, AAG
The Capitol
Albany, NY 12224
*Attorneys for Defendants*

LAWRENCE E. KAHN
United States District Judge

## MEMORANDUM - DECISION and ORDER

**I.      INTRODUCTION**

Plaintiff commenced the instant action asserting numerous federal and state claims arising out of her employment at the New York State Department of Taxation and Finance. Presently before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12.

**II.      FACTS**

As will be discussed *infra*, Plaintiff's Complaint sets forth a litany of events transpiring over a period of nearly thirteen years.  The Complaint is thirty-two pages long and consists of two hundred and thirty-one separate paragraphs.  To restate the allegations in the Complaint here would be cumbersome and of little value.  Accordingly, rather than undertake a Herculean attempt to summarize the factual allegations in the Complaint, the Court will refer the reader to the Complaint itself and will present the pertinent facts as necessary in the course of discussing Defendants' pending motion to dismiss.

**III.      STANDARD OF REVIEW**

"'A court may dismiss a complaint [under Federal Rule of Civil Procedure 12] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).  In Swierkiewicz, the Supreme Court rejected this Circuit's practice of requiring a complaint to allege a *prima facie* case of discrimination to survive a motion to dismiss.  Swierkiewicz, 534 U.S. at 508-14.  The Court held that such a "heightened pleading standard in employment discrimination cases conflicts

with Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must only include 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. at 512 (quoting FED. R. CIV. P. 8(a)).  "This simplified notice pleading relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  Id.  Thus, a complaint is sufficient if it gives the defendant fair notice of the plaintiff's claims, the grounds upon which they rest, and states claims upon which relief could be granted.  Id. at 514.

With this standard in mind, the Court will now address Defendants' motion.

## IV.   DISCUSSION

### a.   Personal Jurisdiction

Defendants Dammer, Dominski, Guinane, Fiorello, Myers, Kaltenborn, Parada, Adsit-Vassari, and Gray all move to dismiss for lack of personal jurisdiction.  The basis for their motion is that they were not properly served with process.

Pursuant to Federal Rule of Civil Procedure 4(e), individuals may be served (1) pursuant to the law of the state in which the district court is located, or in which service is effected; (2) by delivering a copy of the summons and complaint to the individual personally; (3) by leaving copies of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion then residing therein; or (4) by delivering the summons and complaint to an authorized agent.  Service must be effectuated within 120 days of the filing of the Complaint.  FED. R. CIV. P. 4(m).  Because Plaintiff's Complaint was filed on September 27, 2004, service had to be effectuated by January 25, 2005.

In this case, Plaintiff attempted to effectuate service by delivering the summonses and complaints to Mark Volk, an individual who allegedly claimed to be authorized to accept service for each of the Defendants. According to the affidavits of Defendants Adsit-Vassari, Dammer, Dominski, Fiorello, Gray, Guinane, Heinz, Kaltenborn, Myers, and Parada, however, none of them were personally served and none of them authorized Volk to accept service on their behalf. There being no evidence before the Court that Volk was authorized to accept service or that Defendants gave Plaintiff reason to believe that Volk was authorized to accept service, Plaintiff's attempted service pursuant to Federal Rule of Civil Procedure 4(e)(2) was ineffectual. That leaves the question of whether service was appropriate under New York State law. See FED. R. CIV. P. 4(e)(1).

As is relevant hereto, pursuant to N.Y. C.P.L.R. § 308, personal service may be made upon an individual by: (1) delivering the summons to the individual; (2) leaving the summons with a person of suitable age and discretion at the individual's actual place of business, dwelling, or usual place of abode and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business, provided such delivery and mailing are within twenty days of one another; or (3) by delivery to an authorized agent. It is clear that Plaintiff did not effectuate service under §§ 308(1) or (3). That leaves § 308(2). Although Plaintiff initially delivered the summonses and complaints to Volk, she did not follow up by mailing them to Defendants' homes or actual places of business. Accordingly, service was deficient.

Apparently aware of the defective service, Plaintiff again attempted to effectuate service pursuant to § 308(2). On January 21, 2005, Plaintiff delivered a copy of the

- 4 -

summonses and complaints to a person of suitable age and discretion at each of the
Defendants' places of employment and mailed a copy of the summonses (without copies of
the complaint) to their actual places of business.  This service also was deficient.  Although
New York law permits the service of a summons without a complaint, see N.Y. C.P.L.R. §§
305(b), 3012(b), section 305(b) provides that "[i]f the complaint is not served with the
summons, the summons shall contain or have attached thereto a notice stating the nature of
the action and the relief sought, and . . . the sum of money for which judgment may be taken
in case of default."  Here, the summonses mailed to Defendants' actual place of business did
not comply with the notice requirement of § 305(b).  The New York Court of Appeals has
strictly interpreted section 305(b), noting that

> CPLR 305 (subd [b]) mandates that if a complaint does not accompany it,
> the summons shall have the described notice on or attached to it. The
> language of the latter section is imperative, and the statutory dictates are
> clear -- what is required for the commencement of an action is the proper
> service of a summons, and the summons, when unaccompanied by a
> complaint, must itself or by an attachment furnish to the defendant what
> has been described by the Judicial Conference (in its Annual Report
> recommending insertion of the prescriptive word "shall" in CPLR 305,
> subd [b]) as "at least basic information concerning the nature of plaintiff's
> claim and the relief sought."

Parker v. Mack, 61 N.Y.2d 114, 117 (N.Y. 1984).  "[T]he complete absence of any notice is a
jurisdictional defect, and that defect renders the summons insufficient . . . to obtain
jurisdiction over defendant[s]."  Wilber Nat'l Bank v. F&A, Inc., 301 A.D.2d 706, 707 (3d Dep't
2003) (internal citations omitted).  The fact that Defendants may have had actual notice of
the complaint is irrelevant.  Parker, 61 N.Y.2d at 118-19.  Because the summonses that were
mailed to Defendants did not contain copies of the complaint or the required notice, they

were defective and insufficient to obtain personal jurisdiction over Defendants pursuant to §
308(2).

Plaintiff contends that Defendants should be estopped from asserting the defense
of personal jurisdiction because of an alleged agreement between Plaintiff's counsel and
Defendants' counsel wherein it is claimed that Defendants' counsel obtained an extension of
time to respond to the Complaint on the condition that Defendants' counsel would advise
Plaintiff's counsel of any intent to raise a personal jurisdiction defense.  The Court is not
inclined to get involved in any bickering between counsel regarding the existence of any such
agreement because it is irrelevant.[1]  Even assuming the existence of such an agreement,
Plaintiff was aware that Defendants were raising a personal jurisdiction defense well before
the time to effectuate service expired.

As noted, Plaintiff's initial service of process was deficient.  On December 20,
2004, Defendants moved to dismiss on the grounds of lack of personal jurisdiction.  This put
Plaintiff on notice of Defendants' intention to rely on this defense.[2]  At that time, Plaintiff had
more than one month to complete service within the 120 day time limit.  Aware of the initial
deficient attempt at service and Defendants' having raised the issue, Plaintiff attempted to
effectuate service a second time.  As discussed, this attempt also was improper.  Plaintiff
presents no evidence that Defendants intended to waive the issue of personal jurisdiction.

---

[1] If Plaintiff truly believes that Defendants violated the terms of an oral agreement, then her
remedy is to move for a default judgment based on Defendants' failure to timely file and serve an
answer.  Of course, such a request would be futile because a default judgment would not be
warranted under the facts and circumstances presented.

[2] Arguably, this fulfilled Defendants' obligations under any alleged agreement.

Accordingly, the Court finds no basis for estopping Defendants from raising the defense of personal jurisdiction.

Rule 4(m) provides that if service is not made within 120 days after the filing of the Complaint, the Court "shall dismiss the action without prejudice . . . or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service. . . ."  Plaintiff has not made the requisite showing of good cause.  Even if the Court were to presume that any misunderstandings between counsel provided good cause for failing to properly serve Defendants the first time, once the defense of personal jurisdiction was raised, Plaintiff was on notice of that defense.  It was, thus, incumbent upon her to properly effectuate service.  Plaintiff offers no justifiable reason why she could not have properly effectuated service within the remaining time.

In a similar case, Johnson v. New York City Bd. of Educ., 23 Fed. Appx. 70 (2d Cir. 2001) (unreported), an attorney attempted to effectuate service pursuant to Rule 4(j)(2) and C.P.L.R. § 312-a, which provided that service could be made by mail, but would only be effective upon the plaintiff's receipt of an acknowledgment of service.  Plaintiff's counsel made two such attempts at effectuating service, but never received an acknowledgment of receipt from the defendant.  The Second Circuit noted that, aware that service had not been properly effectuated, it was incumbent upon plaintiff's counsel to effectuate proper service via another method.  The attorney argued that the court should extend the time to effectuate service because of his attempts to serve by mail and the defendant's actual knowledge of the lawsuit.  The district court, and the Second Circuit on appeal, found that this did not constitute good cause.  The Circuit specifically noted that attorney neglect is not good cause.

Id.; see McGregor v. United States, 933 F.2d 156, 159-160 (2d Cir. 1991) (attorney neglect is not good cause).

Here, too, any failure to properly effectuate service is the result of attorney neglect. It was risky for Plaintiff to rely on Volk's statement that he was authorized to accept service on behalf of each of the Defendants.  Further, once he was aware of Defendants' motion to dismiss on the grounds of personal jurisdiction for lack of proper service, Plaintiff's counsel should have taken particular care to properly effectuate service.  He failed to do so. Moreover, notwithstanding Defendants' persistence in seeking dismissal for lack of personal jurisdiction and Defendants' reply papers which explain the reasons why they believe service to be deficient, the record does not reflect any further efforts to date by Plaintiff to properly effectuate service.  Thus, the failures to effectuate service or timely remedy the situation were the result of attorney neglect.  Accordingly, Plaintiff has failed to demonstrate good cause and the Complaint is dismissed as to Defendants Dammer, Dominski, Guinane, Fiorello, Myers, Kaltenborn, Parada, Adsit-Vassari, and Gray without prejudice.

### b.   Conclusory Allegations

Defendants next seek dismissal on the ground that the Complaint is conclusory and confusing.  Relying on some older cases, Defendants argue that the Complaint must set forth specific allegations of fact indicating a deprivation of rights.  Although the Court agrees that the Complaint is something less than a model of clarity (an issue that will be discussed *infra*), Defendants' legal position is not entirely correct.  The Supreme Court made it clear in Swierkiewicz that a complaint need not plead facts establishing a *prima facie* case. Swierkiewicz, 534 U.S. at 511.  The Court similarly rejected any heightened pleading requirement with respect to claims other than those covered by Federal Rule of Civil

Procedure 9.  Id. at 513.  Rule 8 requires only a short and plain statement of the claim

showing that the pleader is entitled to relief.  That Rule does not require fact pleading.

Rather, Rule 8 has been described as requiring only "bare-bones notice pleading."  Pelman

ex rel. Pelman v. McDonald's Corp., 396 F.3d 508, 511 (2d Cir. 2005).  Again, "[t]his

simplified notice pleading relies on liberal discovery rules and summary judgment motions to

define disputed facts and issues and to dispose of unmeritorious claims."  Swierkiewicz, 534

U.S. at 512.  Thus, a complaint is sufficient if it gives the defendant fair notice of the plaintiff's

claims, the grounds upon which they rest, and states claims upon which relief could be

granted.  Id. at 514.

   In Swierkiewicz, the Supreme Court referenced the Appendix of Forms to the

Federal Rules of Civil Procedure, see FED. R. CIV. P. 84; Appendix of Forms (Form 9), as an

example of an adequate pleading under Rule 8.  That example "sets forth a complaint for

negligence in which plaintiff simply states in relevant part: 'On June 1, 1936, in a public

highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a

motor vehicle against plaintiff who was then crossing said highway.'"  Swierkiewicz, 534 U.S.

at 513 n.4.  The example at Form 9 does not provide factual details as to how the defendant

is alleged to have driven the motor vehicle in a negligent matter.  The example at Form 9 is

sufficient because it puts the defendant on notice of the claim (negligence), the general

factual basis for the claim (arising out of the defendant's operation of his vehicle), and states

a claim upon which relief may be granted.

   Here, the Complaint is an unnecessarily prolix pleading.  It is thirty-two pages and

two hundred and thirty-one paragraphs long.  It sets forth a long history of events that

transpired over a nearly thirteen year period.  The Complaint unquestionably contains

impertinent and irrelevant matters.  In each separate cause of action, however, the

Complaint briefly describes how, or why, Plaintiff believes Defendants' conduct to be a

violation of the constitution or to give rise to a common law claim.

Without doubt, deciphering the Complaint and attempting to understand what

specific factual allegations in the Complaint support each cause of action is not an easy task,

but it cannot be said that Defendants do not have fair notice of the claims asserted or the

general factual bases therefore.  If Defendants need further information to clarify the

allegations or adequately understand which causes of action are asserted against which

Defendants, that can be accomplished through a motion for a more definite statement under

Rule 12(e) or, more appropriately under the circumstances presented in this case, through

discovery.  Whether the Complaint states claims upon which relief may be granted is the

subject of the remainder of this Memorandum - Decision & Order.

Before proceeding, the Court pauses to note that Defendants generally raise the

issue that the Complaint fails to allege facts supporting each of the claims against each of

the Defendants and that "[p]resumably, not all of the defendants is a proper defendant . . . for

each claim."  Def.'s Mem. of Law at 7.  The Second Circuit has noted that Rule 8 "does not

necessarily require . . . that the complaint separate out claims against individual defendants."

Wynder v. McMahon, 360 F.3d 73, 80 (2d Cir. 2004).  That being said,

> there is a critical distinction between the notice requirements of Rule 8(a)
> and the requirement, under Rule 12(b)(6), that a plaintiff state a claim
> upon which relief can be granted.  Although, reading the complaint
> carefully, the individual defendants [may be able to] . . . discern which
> claims concern them and which do not, the complaint accuses all of the
> defendants of having violated all of the listed constitutional and statutory
> provisions.  As a result, a series of 12(b)(6) motions to dismiss would lie
> to permit each particular defendant to eliminate those causes of action as

to which no set of facts has been identified that support a claim against him.

Id.

In this case, three of the Defendants (Heinz, Parada, and Gray) have moved to dismiss the Complaint in its entirety on the ground that there are insufficient facts supporting the claims against them.  Because, however, the Complaint has already been dismissed as to these individuals and, for reasons to be discussed *infra*, those portions of the Complaint that are not being dismissed today will be stricken with leave to replead, the Court need not now address the allegations as to these three individuals.  Suffice it to say that, if Plaintiff files a new complaint that conforms to Rule 8, each Defendant would be entitled to move to dismiss those claims as to which there are no identifiable facts supporting the claims against him or her.

### c.    First Cause of Action

Defendants move to dismiss Plaintiff's First Cause of Action as untimely.  That Cause of Action alleges that, in or about August 1999, Defendants confined Plaintiff to certain areas of her place employment[3] and that such confinement constituted a violation of her constitutional rights.  Defendants contend that any such conduct is well beyond the applicable three year statute of limitations.  See Patterson v. County of Oneida, 375 F.3d 206, 225 (2d Cir. 2004) (claims under 42 U.S.C. § 1983 are subject to a three year statute of limitations).  Plaintiff responds that she suffered an ongoing violation of her constitutional

---

[3] Plaintiff had a history of problems with a co-worker, Ms. Brasch.  Compl. at ¶¶ 30-38. Plaintiff was ordered to stay out of the aisle near Ms. Brasch's cubicle.  Id. at ¶ 40.

rights beginning with her supervisors' restriction of her to specific areas and continuing

through to the present.

"Conduct that has been characterized as a continuing violation is 'composed of a

series of separate acts that collectively constitute one unlawful [act].'"  Washington v. County

of Rockland, 373 F.3d 310, 318 (2d Cir. 2004) (quoting Nat'l R.R. Passenger Corp. v.

Morgan, 536 U.S. 101, 111 (2002)).  Discrete discriminatory acts, however, cannot be part of

a continuing violation.  Morgan, 536 U.S. at 113.  As the Morgan Court stated:

> [D]iscrete discriminatory acts are not actionable if time barred, even when
> they are related to acts alleged in timely filed charges.  Each discrete
> discriminatory act starts a new clock for filing charges alleging that act.

Id.  The decision to limit Plaintiff's movement within the workplace was a single, discrete act

that, according to the Complaint, continued for approximately one week.  See Washington,

373 F.3d at 318.  Any alleged unconstitutional conduct occurred when Plaintiff's freedom of

movement was restricted in 1999.  See id.  As such, it does not fall within the continuing

violation doctrine.  See id; see also Elmenayer v. ABF Freight Systems, Inc., 318 F.3d 130,

134-35 (2d Cir. 2003).  Thus, regardless of any other alleged constitutional violations to

which Plaintiff may have been subjected since 1999, to the extent that Plaintiff alleges a

violation of her constitutional rights as a result of the decision to limit Plaintiff's movement

within the workplace, the claim is time-barred.

In her proposed amended Complaint, Plaintiff vaguely references "various other

adverse employment actions taken against plaintiff."  Am. Compl. at ¶ 193.  To the extent

that any of the other adverse employment actions are discrete events that occurred more

than three years prior to the filing of the Complaint (including the failure to promote, which

occurred prior to June 2001) they are time-barred.  See infra n.4.  What these various other

adverse employment actions are can be determined through the discovery process and, if appropriate, challenged on a motion for summary judgment.

### d.   Second Cause of Action

Plaintiff's Second Cause of Action alleges that Defendants deprived Plaintiff of promotional opportunities without justification in violation of the laws and constitutions of the United States and the State of New York.  Defendants move to dismiss this claim on the ground that Plaintiff has no protected property interest in a promotion.  Plaintiff responds that there may be facts evidencing that the applicable Collective Bargaining Agreement created mutually explicit understandings that would give Plaintiff a protected property interest in a promotion.

Plaintiff correctly notes that "[a] contractual right of promotion could create a protected property interest."  See Harhay v. Town of Ellington Bd. of Educ., 323 F.3d 206, 212-13 (2d Cir. 2003).  Because Plaintiff could present facts demonstrating such a contractual right of promotion and a denial of such a promotion, this cause of action cannot be dismissed on a Rule 12 motion.  Whether there is sufficient evidence of such a contractual right is best tested on a motion for summary judgment or at trial.

Defendants also seek dismissal of this claim as time-barred.  As noted, claims under § 1983 are governed by a three year statute of limitations.  The Complaint alleges that Plaintiff was denied promotional opportunities at times prior to June 2001.  Compl. at ¶¶ 57-73.  Plaintiff filed her Complaint in September 2004.  Inasmuch as refusals to promote are discrete acts that are not subject to the continuing violation doctrine, see Morgan, 536 U.S. at

114 (failure to promote is a discrete act), and the alleged unconstitutional conduct occurred

more than three years prior to the filing of the Complaint, this claim must be dismissed.[4]

### e.    Third Cause of Action - Freedom of Association

Plaintiff's Third Cause of Action contends that Defendants prevented her from

speaking to certain individuals in the workplace and that such a restriction deprived her of her

First Amendment right of freedom of association.  Specifically, Plaintiff alleges that she was

restricted from meeting with her union representative during the work day, except for during

lunch and break times.  Defendants argue that because Plaintiff was only prevented from

speaking to her union representative during working hours, there has not been a sufficient

restriction on her freedom of association to sustain a claim under the First Amendment.

Plaintiff responds that union activities are matters of public concern and, therefore, any

restriction violates her freedom of association.

Speaking with one's union representative may be a form of expression that is

protected by the First Amendment.  Cobb v. Pozzi, 363 F.3d 89 (2d Cir. 2004).  To succeed

on this claim, among other things, Plaintiff will have the burden of demonstrating that her

desire to speak with her union representative touched on a matter of public concern.  Id. at

102; see Tuskowski v. Griffin, 395 F. Supp. 2d 225, 227-28 (D. Conn. 2005).  Although it is

questionable whether Plaintiff can overcome this hurdle, "Rule 8(a) establishes a pleading

standard without regard to whether a claim will succeed on the merits."  Swierkiewicz, 534

---

[4] To the extent that any of Plaintiff's other claims under 42 U.S.C. § 1983 are discrete events that occurred prior to September 27, 2001, they, too, are time-barred.  In her proposed amended Complaint, Plaintiff seeks to amend her First Cause of Action to include, in part, the failures to promote.  For the reasons discussed, any such claim is time-barred.

U.S. at 515.  In any event, Defendants have not raised this issue in support of their motion to dismiss.

Assuming a sufficient connection with a matter of public concern, a government defendant does not infringe upon one's freedom of association unless the interference with associational rights is significant.  See Fighting Finest, Inc. v. Bratton, 95 F.3d 224, 228 (2d Cir. 1996).  Although it does not appear that any restrictions in this case were substantial (Plaintiff was free to speak with her union representative at any time she was not "on the clock"), and it is difficult to fathom why a government employer could not require its employees to work during work hours rather than communicate with their union representatives, the alleged restriction was direct and it cannot be said that there are no facts that could demonstrate a substantial infringement on Plaintiff's freedom of association.  Accordingly, this claim cannot now be dismissed.

### f.    Eighth Cause of Action

In her Eighth Cause of Action, Plaintiff alleges that Defendants' failure to "to provide plaintiff with documents to which she is entitled under New York Personal Privacy Protection and/or Freedom of Information Law constitutes a deprivation of plaintiff's property without due process of law."  Compl. at ¶ 214.  Defendants move to dismiss this cause of action because: (1) there is no private cause of action under the New York's Freedom of Information Law ("FOIL"), N.Y. PUB. OFFICERS LAW, ART. 6, or the Personal Privacy Protection Law ("PPPL"), N.Y. PUB. OFFICERS LAW, ART. 6-a; (2) this claim is barred by collateral estoppel; and (3) this claim is barred under the Rooker-Feldman doctrine.  Plaintiff responds that collateral estoppel is inapplicable because there is a lack of identity of issues presented in this Court and the state court.  Plaintiff does not address Defendants' other arguments.

"When an alleged denial of liberty or property without due process is the result of an unauthorized random act of a state employee, the Fourteenth Amendment is not implicated if there is an adequate post-deprivation remedy for such a denial." Davis v. Guarino, 52 Fed. Appx. 568, 569 (2d Cir. 2002) (unreported) (citing Hellenic Am. Neighborhood Action Comm. v. City of N.Y., 101 F.3d 877, 880-81 (2d Cir. 1996)).  The denial of a FOIL or PPPL request is a random, unauthorized act. Id.  As such, the availability of an Article 78 proceeding to challenge her denials under FOIL and PPPL (which Plaintiff filed and lost) provided sufficient process to Plaintiff. Interboro Inst., Inc. v. Foley, 985 F.2d 90, 93 (2d Cir. 1993) (an Article 78 proceeding is an adequate post-deprivation remedy); McDarby v. Dinkins, 907 F.2d 1334, 1338 (2d Cir. 1990) (same); see also Lawrence v. Antonucci, No. 04cv356s, 2005 WL 643457, at *4 (W.D.N.Y. Mar. 16, 2005) ("[T]he procedures set forth under New York law are sufficient to protect any property interest that a person might have in the receipt of FOIL documents."); Ferrara v. Superintendent, New York State Police, 26 F. Supp. 2d 410, 414 n.3 (N.D.N.Y. 1998) (Kahn, J.) (holding that adequate process is clearly available through an Article 78 proceeding to remedy an improper denial of disclosure under FOIL).

Assuming that the denial of Plaintiff's FOIL and PPPL requests were not random, unauthorized actions, the majority of district courts in this circuit have held that a plaintiff has no constitutionally protected interest in obtaining FOIL documents. See Lawrence v Antonucci, 2005 WL 643457, at *3; O'Bradovich v. Vill. of Tuckahoe, No. 04-CV-49, 2004 WL 1616588, at *15-16 (S.D.N.Y. July 19, 2004); Webb v. Ashburn, No. 96-Civ-325, 1997 WL 118355, at *6 (S.D.N.Y. Mar.17, 1997); Billups v. Millet, No. 91-Civ-6326, 1996 WL 99399, at *4 (S.D.N.Y. Mar. 6, 1996).  However, in Ferrara, 26 F. Supp. 2d at 414, this Court

was "not prepared to reach so sweeping a conclusion because New York courts have held that the disclosure requirements are mandatory unless the records fall under one of FOIL's eight specific exemptions."  Thus, the Court will assume that there is a constitutionally protected interest in obtaining FOIL and/or PPPL documents.

Notwithstanding these assumptions, Plaintiff's claim still must fail.  Plaintiff commenced an Article 78 proceeding challenging the denial of her request for documents under FOIL and PPPL. During the course of the Article 78 proceeding, the Supreme Court, Albany County, held that Plaintiff was not entitled to any documents because they were either exempt under FOIL or did not constitute records within the meaning of PPPL.  See Def.'s Ex. C.[5]  Because the documents are either exempt under FOIL or do not fall within the meaning of PPPL, Plaintiff does not have a property interest in them.  See Ferrara, 26 F. Supp. 2d at 414.  Moreover, Plaintiff did not appeal the adverse determination to the Supreme Court, Appellate Division.  Having fully litigated these issues and declined to pursue any appeals, Plaintiff is precluded from re-litigating here.  Id. at 414 n.3.

For the foregoing reasons, the Eighth Cause of Action is dismissed.

---

[5] Although the Court is, in this limited context, relying on materials outside the pleadings, public records may be considered on a motion to dismiss, particularly when necessary to adjudicate claims of collateral estoppel and/or res judicata.  See Blue Tree Hotel Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004) (stating that courts "may also look to public records, including complaints filed in state court, in deciding a motion to dismiss"); Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991) (affirming Rule 12(b)(6) dismissal of securities fraud case where the district court considered documents filed with the Securities and Exchange Commission); Cowen v. Ernest Codelia, P.C., No. 98 Civ. 5548, 2001 WL 856606, at *1 (S.D.N.Y. July 30, 2001) ("[I]t is proper to consider public documents on a motion to dismiss to determine whether claims are barred by prior litigation.").

g.   **Ninth Cause of Action**

Plaintiff's Ninth Cause of Action alleges that Defendants compelled her to undergo a medical examination in retaliation for her having filed a request for reasonable accommodation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., filing and discussing grievances, and sending e-mail messages stating that her supervisors were conducting business in an illegal way.  Defendants move to dismiss this claim on the ground that it fails to state a claim for retaliation under the First Amendment. The Court does not read Plaintiff's claim so narrowly.  This Cause of Action may be asserting a claim for retaliation under the ADA.  Although Defendants correctly note that there is no individual liability under the ADA, see Koslow v. Commonwealth of Penn., 302 F.3d 161, 178 (3d Cir. 2002) (ADA), cert. denied, 537 U.S. 1232 (2003),[6] it is unclear whether this claim is against Defendants in their individual capacities or their official capacities.  Liberally construing the Complaint to assert claims against Defendants in their official capacities, the Complaint withstands Defendants' motion to dismiss.  The Complaint adequately alleges protected activity (making a request for reasonable accommodation), that Defendants were aware of the protected activity, that she suffered an adverse employment action (being subjected to a medical examination), and a causal connection (temporal proximity between alleged the protected activity and adverse employment action).  See Weixel v. Bd. of Educ. of City of New York, 287 F.3d 138, 148-49 (2d Cir. 2002) (setting forth elements of a retaliation claim under the ADA and further noting that requesting a reasonable

_____

[6] Thus, to the extent Plaintiff is asserting claims under the ADA against Defendants in their individual capacities, they must be dismissed.

accommodation is protected activity under the ADA).  Although it may ultimately be

demonstrated at summary judgment that Defendants did not know of Plaintiff's request for

reasonable accommodation, the medical examination did not constitute an adverse

employment action, or that there was no causal connection between Plaintiff's protected

activity and any adverse employment action, those are fact-intensive matters best left for

summary judgment or trial.

   To the extent Plaintiff is asserting a claim under the First Amendment, that claim

must be dismissed in part.  "A public employee who claims to have [suffered an adverse

employment action] . . . for the exercise of First Amendment rights must establish two

elements to prevail on the claim: (1) that the conduct at issue was protected speech; and (2)

that the speech played a substantial part in the employer's adverse employment action; i.e.,

that the adverse action would not have occurred but for the employee's protected actions."

Ezekwo v. New York City Health & Hosps. Corp., 940 F.2d 775, 780-81 (2d Cir. 1991).  As

the Second Circuit explained in Ezekwo:

> The issue of whether certain speech is protected by the First Amendment
> is one of law for the court. See Connick v. Myers, 461 U.S. 138, 148 n.7,
> (1983).  The pertinent question is whether the speech at issue can "be
> fairly characterized as constituting speech on a matter of public concern."
> Id. at 146.  "Whether an employee's speech addresses a matter of public
> concern must be determined by the content, form, and context of a given
> statement, as revealed by the whole record."  Id. at 147-48.  Only if the
> statements involved address a matter of public concern is it necessary for
> a court to balance the interests of the speaker against the state's interest
> in efficient government. [Rankin v. McPherson, 483 U.S. 378, 388
> (1987)].  The mere fact that a public employee chooses to discuss
> privately his concerns with his employer as opposed to expressing his
> views publicly does not alter the analysis.

Ezekwo, 940 F.2d at 781.  "[E]xpressing dissatisfaction with working conditions is not, by

itself, speech on matters of public concern."  Tiltti v. Weise, 155 F.3d 596, 603 (2d Cir. 1998).

The Complaint alleges that Plaintiff made a request for a reasonable accommodation to avoid working under a specific individual.  Compl. at ¶ 98.  This request for a reasonable accommodation was necessarily specific to Plaintiff.  Plaintiff was not making general complaints on behalf of her co-workers or the public at large concerning the State's failures to comply with the ADA, but was requesting personal relief.  Such an individual, employment-related issue is not speech on a matter of public concern.  See Galligan v. Town of Manchester, No. 01cv2092, 2003 WL 21146710, at *6 (D. Conn. May 19, 2003).  Accordingly, to the extent the Ninth Cause of Action alleges a violation of the First Amendment on the basis of making a request for a reasonable accommodation, it must be dismissed.

The same reasoning appears to apply to Plaintiff's other claimed protected speech. Plaintiff's grievances and complaints all appear to relate to her personal employment experiences and not to issues of public concern.[7]  However, it cannot be definitively said at this early stage of the litigation that there are no facts that might demonstrate that Plaintiff was raising issues of public concern.  Accordingly, although the bases for a First Amendment claim appear to be thin, this claim survives in part.

### h. Fourth Cause of Action

In her Fourth Cause of Action, Plaintiff alleges that all of the conduct described in her Complaint constitutes the tort of the intentional infliction of emotional distress. Defendants move to dismiss this claim to the extent it relies on conduct that occurred prior to September 27, 2003 (one year before the filing of the Complaint).  Plaintiff responds that

---

[7] Moreover, it appears (although it is unclear at this time) that most of the complained of conduct is time-barred.

"this matter involves an ongoing pattern of abuse of plaintiff at the hands of her superiors, some of which happened in the year preceding the filing of the complaint, some of which did not." Pl.'s Mem. of Law at 12.  That is the entirety of Plaintiff's response to the statute of limitations issue.

Under New York law, claims for intentional torts are subject to a one year statute of limitations.  Yong Wen Mo v. Gee Ming Chan, 17 A.D.3d 356, 358 (2d Dep't 2004).  New York does recognize a continuing tort doctrine that permits a plaintiff to rely on conduct occurring prior to one year before the commencement of the action, provided the final actionable event occurred within one year of the filing of the complaint.  See Shannon v. MTA Metro-North R.R., 269 A.D.2d 218, 219 (2d Dep't 2000).  Because there may be facts demonstrating conduct that occurred during the year preceding the filing of the Complaint that are related to conduct that may have occurred before that time, it cannot now be said that those claims are time-barred.

Defendants next argue that the remaining allegations are insufficient to state a claim for the intentional infliction of emotional distress.  Although it is difficult to sustain such a claim and it is far from clear that Plaintiff can ultimately prove such a claim, as noted, Rules 8 and 12 do not require that Plaintiff plead all facts in support of her claim.  Rather, she need only put Defendants on fair notice of her claim, briefly state the grounds upon which the claim rests, and state a claim upon which relief could be granted.  Here, the Complaint alleges the nature of her claim (intentional infliction of emotional distress), the grounds upon which the claim rests (Defendants' treatment of Plaintiff at her place of employment) and states a claim upon which relief could be granted.  It cannot be said that there are no facts that could

support such a claim.  Once again, any such determination must await a properly supported

motion for summary judgment or trial.

### i.     Fourteenth and Fifteenth Causes of Action

In her proposed Amended Complaint, Plaintiff asserts a claim under the Equal

Protection Clause (Fourteenth Cause of Action).  The Complaint alleges that "[t]he

aforementioned acts of defendants in treating plaintiff differently than all other employees

with regard to the terms and benefits of her employment and prohibiting and preventing

plaintiff from fully enjoying and partaking of the rights, benefits and emoluments of her

employment constituted discrimination and a denial of the equal protection of laws in

violation of the laws and constitutions of the State of New York and the United States of

America."  Am. Compl. at ¶ 232.  Defendants seek to dismiss this claim on the ground that it

"fails . . . to identify the classification on which plaintiff alleges she was discriminated

against," and fails to allege "that there were similarly situated individuals who were treated

differently than plaintiff."  Def.'s Reply Mem. of Law at 11.

Notwithstanding the apparent lack of merit to the claim and the lack of clarity in the

Complaint, the Court finds that it sufficiently puts Defendants on notice of the claim, the

grounds for the claim, and states a claim upon which relief could be granted.  The

information Defendants seek (the basis upon which Plaintiff claims to have been treated

differently and whether Plaintiff was actually treated differently from other similarly situated

persons) can be obtained through discovery or a motion for a more definite statement.

The same reasoning applies to Plaintiff's Fifteenth Cause of Action, which alleges a

conspiracy among Defendants to deprive Plaintiff of her constitutional rights.  Although courts

traditionally required the pleading of certain facts to substantiate conspiracy claims, in

accordance with the dictates of <u>Swierkiewicz</u>, it would appear that such heightened pleading requirements, although practical, are improper.  <u>See</u>, <u>e.g.</u>, <u>Toussie v. Powell</u>, 323 F.3d 178, 185 n.3 (2d Cir. 2003).  Thus, Defendants' motion in this regard must be denied.

### j.   Eleventh Amendment

At all times relevant hereto, Defendants were employees of the New York State Department of Taxation and Finance.  New York State Department of Taxation and Finance is a state agency entitled to Eleventh Amendment immunity.  To the extent Plaintiff seeks to recover damages against Defendants pursuant to 42 U.S.C. § 1983 in their official capacities, such claims are barred by the Eleventh Amendment.  <u>See</u> <u>Feingold v. State of New York</u>, 366 F.3d 138, 149 (2d Cir. 2004).

### k.   Striking the Remaining Portions of the Complaint

The Court is *sua sponte* striking the remaining portions of the Complaint.  A Complaint

> should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial.  <u>See</u>, <u>e.g.</u>, <u>Geisler v. Petrocelli</u>, 616 F.2d 636, 640 (2d Cir. 1980); 2A Moore's Federal Practice ¶ 8.13, at 8-61 (2d ed. 1987).  The statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.' 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969).

<u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 42 (2d Cir. 1988).  Rather than conforming to Rule 8's requirements, Plaintiff's Complaint suffers from excess.  As has been noted throughout this opinion, Plaintiff's pleading is a lengthy, over-inclusive Complaint that asserts every cause of action that counsel could dream up.  It would be unreasonable and unnecessary to require Defendants to respond to this pleading.

"When a complaint fails to comply with these requirements, the district court has the power, . . . sua sponte, to dismiss the complaint or to strike such parts as are redundant or immaterial." Simmons v. Abruzzo, 49 F.3d 83, 96 (2d Cir. 1995). Accordingly, the Complaint (including the proposed Amended Complaint) is hereby stricken and Plaintiff is afforded twenty days within which to file a complaint that complies with the Rule 8 and this Memorandum - Decision & Order. This will also allow Plaintiff the opportunity to file a complaint that includes her proposed amendments. It is the Court's hope that Plaintiff will remove the impertinent and irrelevant materials, omit matters that are clearly time-barred, add clarity to the Complaint, and endeavor to assert facts linking each Defendant to the claims asserted against him or her.

## V.      CONCLUSION

For the foregoing reasons, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

The Complaint is **DISMISSED** without prejudice as to Defendants Dammer, Dominski, Guinane, Fiorello, Myers, Kaltenborn, Parada, Adsit-Vassari, and Gray for failure to properly and timely effectuate service;

Plaintiff's First Cause of Action is **DISMISSED** to the extent it relies on the 1999 directive that Plaintiff stay away from the aisle of Ms. Brasch or otherwise relies on discrete instances that occurred prior to September 27, 2001;

Plaintiff's Second Cause of Action is **DISMISSED** as time-barred;

Plaintiff's Eighth Cause of Action is **DISMISSED** because Plaintiff had an adequate post-deprivation remedy or, alternatively, Plaintiff previously litigated this claim in state court and is precluded from re-litigating it here;

Plaintiff's Ninth Cause of Action is **DISMISSED** insofar as it relies on her request for a reasonable accommodation;

All of Plaintiff's claims pursuant to 42 U.S.C. § 1983 are **DISMISSED** to the extent they rely on discrete acts that occurred prior to September 21, 2001;

All claims under 42 U.S.C. § 1983 for monetary damages against the State of New York or the individual Defendants in their official capacities are **DISMISSED** as barred by the Eleventh Amendment;

In all other respects, Defendants' motion is **DENIED**.

Plaintiff's Complaint is hereby **STRICKEN** for failure to Comply with Rule 8.


Plaintiff is hereby given leave to file an amended complaint that complies with Rule 8, this Memorandum - Decision and Order, and the general obligation that a plaintiff (and her counsel) not assert claims that are frivolous, unreasonable, or without foundation, see Hughes v. Rowe, 449 U.S. 5, 14 (1980); and Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978), **within twenty days** of the date of this Memorandum - Decision and Order. If Plaintiff wishes to include Dammer, Dominski, Guinane, Fiorello, Myers, Kaltenborn, Parada, Adsit-Vassari, and Gray as Defendants in any re-filed Complaint, she shall effectuate proper service **within thirty days** of the date of this Order.

IT IS SO ORDERED.

Dated: August 03, 2005
        Albany, New York

_____
        Lawrence E. Kahn
        U.S. District Judge